**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS FERNANDO PINEDA-RUANO; MALFI LOPEZ-HERNANDEZ; K. P.-L., <br><br> Petitioners, <br><br> v. <br><br> PAMELA J. BONDI, Attorney General, <br><br> Respondent. | No. 23-4361 <br><br> Agency Nos. <br> A220-688-933 <br> A220-490-957 <br> A220-490-958 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025**
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Petitioner Luis Fernando Pineda-Ruano, his wife Malfi, and their minor child

(collectively, Petitioners) petition for review of a decision of the Board of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals (BIA) affirming, without an opinion, an immigration judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). When, as here, the BIA affirms without an opinion, we review the IJ's decision as the final agency decision. *Falcon-Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Petitioners challenge the agency's denial of their application for asylum and statutory withholding of removal. Before the immigration court, the unrepresented Petitioners did not specifically allege harm based on race, religion, nationality, political opinion, or membership in a particular social group. Based on the evidence and testimony, however, the IJ determined that Petitioners appeared to allege past and future persecution based on their membership in the following particular social groups: (1) "Guatemalans with jobs," (2) "Guatemalans resisting gang extortion," and (3) "Guatemalan women." *See Jacinto v. INS*, 208 F.3d 725, 734 (9th Cir. 2000) (holding that "immigration judges are obligated to fully develop the record in those circumstances where applicants appear without counsel").

The IJ determined that Petitioners were victims of criminal activity but that they failed to show a nexus between demands from extortionists for money and their membership in the particular social groups they appeared to allege.

Substantial evidence supports the denial of asylum and withholding of removal based on the agency's finding that Petitioners failed to establish any nexus between past harm or feared future harm and their apparent proposed particular social groups.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). As the agency concluded, the lack of a nexus to a protected ground is fatal to Petitioners' claims for asylum and statutory withholding of removal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016); *Barajas-Romero v. Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017) (explaining the motive standards applicable to asylum and withholding of removal). Therefore, we decline to consider Petitioners' other arguments regarding the denial of asylum and withholding of removal. S*ee INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

2. Petitioners failed to exhaust their claims for asylum and withholding of removal that are based on two newly proposed particular social groups. They also failed to exhaust their argument that the IJ failed to act as a neutral arbiter in

---

[1] Pineda-Ruano testified that he was extorted by a gang and threatened and beaten when he did not pay.

violation of their due process rights. In their petition for review, Petitioners argue for the first time that they are entitled to asylum and withholding of removal based on the proposed particular social groups "Guatemalans Who Cannot Pay Gang Extortion Demands," and "Guatemalans Who Have Reported Criminal Activity To The Police." They also argue for the first time that the IJ displayed judicial bias in violation of their due process rights. Petitioners did not present either of these arguments to the agency.

Under 8 U.S.C. § 1252(d)(1), a petitioner is required to exhaust arguments, including some due process claims, to the agency. *See Sola v. Holder*, 720 F.3d 1134, 1136 (9th Cir. 2013) ("Challenges to procedural errors correctable by the administrative tribunal, must be exhausted before we undertake review.") (alterations and quotation omitted). Exhaustion, however, is a claims-processing rule that can be waived. *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023). Because Petitioners did not present any arguments based on the newly proposed particular social groups or their due process rights to the agency and because the government did not waive the exhaustion requirement, we decline to consider these arguments. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *cf. Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021) (dismissing petition for review when the petitioner failed to exhaust his due process claim based on the IJ's alleged bias to BIA).

3.     Petitioners challenge the agency's denial of their application for CAT protection.  Because Petitioners did not meaningfully challenge the denial of CAT protection in their appeal to the BIA, they waived review of their arguments pertaining to that claim.  *See* 8 U.S.C. § 1252(d)(1) (requiring the exhaustion of administrative remedies); *Santos-Zacaria*, 598 U.S. at 419 (holding that § 1252(d)(1) is a non-jurisdictional, claim-processing rule).  Furthermore, even if Petitioners' arguments were not waived, substantial evidence supports the denial of CAT protection because Pineda-Ruano fails to show that it is more likely than not he would be tortured by or with the consent or acquiescence of the government upon return to Guatemala.  *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).  The record, including Pineda-Ruano's testimony, reflects that the Guatemalan police investigated Pineda-Ruano's complaint that he was attacked and beaten by a gang.  Pineda-Ruano's unsupported assertion that the police were connected to the gang is insufficient to compel the conclusion that the government would acquiesce in his torture.  *Singh v. Garland*, 97 F.4th 597, 602–03, 609 (9th Cir. 2024) (stating the substantial evidence standard and CAT requirements).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DENIED.**